## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOSHUA NESTOR MANCUSO,

      Plaintiff,

    v.                                                        Case No.:  6:26-cv-00990-PGB-LHP

JENNIFER PEREZ-MOLINA, ET
AL.,

      Defendants,

---

### ORDER
(AND DIRECTION TO CLERK OF COURT)

Before the Court is Plaintiff's Motion for Leave to Electronically File Documents Pursuant to Middle District of Florida Local Rule 1.07.  Doc. No. 8.  On review, the motion (Doc. No. 8) will be **DENIED without prejudice**.

"While an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the *pro se* party makes a showing of good cause or extenuating circumstances justifying such relief."   *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT, 2020 WL 6947482, at \*1 (M.D. Fla. June 4, 2020) (citations omitted). Here, Plaintiff makes no such showing, as simply referring to mailing delays, Plaintiff's out of state residence, and financial hardships is insufficient.  Doc. No. 8. *See also Clifft v. Sch. Dist. of Lee Cnty.*, No. 2:25-cv-345-JES-DNF, 2025 WL 3012038, at

-1-

*2 (M.D. Fla. Oct. 28, 2025), *reconsideration denied*, 2025 WL 3080533 (M.D. Fla. Nov. 4, 2025) (affirming denial of CM/ECF access to *pro se* litigants, finding that unpredictable delays and mail delivery risks, complexity of the case, and inability to obtain legal counsel did not rise to the level necessary to justify CM/ECF access); *Gerow v. Blackwell*, No. 8:24-cv-2280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("Gerow has not shown that his case is out of the ordinary. The reasons he claims that he needs electronic filing—the cost of printing, the cost of postage, the additional time required to file paper documents, and the cost of PACER access—are common to all pro se litigants who file paper documents. If these burdens were enough to justify CM/ECF access, the exception would swallow the rule.").

That said, "the Court in its discretion may grant *a pro se* party permission to receive electronic notifications." *See Moore v. Adventist Health Sys. Sunbelt Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug. 3, 2023). The Court finds it appropriate to exercise such discretion here. *See id.*; *see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1 (allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*, No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same). Therefore, the **Clerk of Court** is **DIRECTED** to add Plaintiff's email address, mancusoj900@yahoo.com, to CM/ECF and ensure that Plaintiff receives Notices of

Electronic Filings.  Thereafter, Plaintiff will no longer receive a mailed copy of Court

documents.

**DONE** and **ORDERED** in Orlando, Florida on May 27, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

-3-