**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOSHUA NESTOR MANCUSO,

Plaintiff,

v.

Case No.: 6:26-cv-00990-PGB-LHP

JENNIFER PEREZ-MOLINA, THE SCHOOL BOARD OF ORANGE COUNTY, FLORIDA, BRADLEY E. MARTIN, ERIN K. O'DONNELL, DENISE J. SANTIAGO, MARY K. WILLISON, JOUMANA MOUKADDAM, CYNTHIA Y. MARTIN, SHERIFF JOHN W. MINA, ALFREDA KEITH-LYTLE, DOUGLAS C. MALENFANT, ALEXIS J. AGOSTO, DOE DEFENDANT 11; CHALUMEAU LAW GROUP, LLC, DOE DEFENDANT 12; BRONTE TORRES PAGAN, JASON B. FIESTA, ASHLEY KIMBERLIN WILSON, DEPUTY CHRISTOPHER LEVELLE-COMBS, ALICIA P. CHALUMEAU, AGOSTO LAW, P.A., DOES 2-10, DEPUTY G. AVILES, AND CHRISTINE BRATEK-COHEN,

Defendants.

---

## ORDER

On May 11, 2026, Plaintiff, proceeding *pro se*, filed a complaint against 22 named and unnamed Defendants. Doc. No. 1. Defendants John W. Mina, Deputy Aviles, Alexis J. Agosto, Esq., Chalumeau Law Group, LLC, Alicia P. Chalumeau, Christine S. Perera, the School Board of Orange County, Florida, Bradley E. Martin, Erin K. O'Donnell, Denise J. Santiago, Mary K. Willison, and Cynthia Y. Martin filed motions to dismiss in response. Doc. Nos. 29, 33, 37, 42, 46.[1] These motions have been referred to the undersigned.

On June 17, 2026, presiding United States District Judge Paul G. Byron ordered Plaintiff to re-file his complaint to redact the name of a minor child identified in the pleading. Doc. No. 30. On June 26, 2026, Plaintiff timely re-filed his complaint. Doc. No. 50. Thereafter, Defendants John W. Mina, Deputy Aviles, Alexis J. Agosto, Esq., Chalumeau Law Group, LLC, Alicia P. Chalumeau, Christine S. Perera filed renewed motions to dismiss, which have also been referred to the undersigned. Doc. Nos. 59-61, 67. Accordingly, the initial motions to dismiss (Doc. Nos. 29, 33, 37, 42) are **DENIED** as **MOOT**. Defendants the School Board of Orange County, Florida, Bradley E. Martin, Erin K. O'Donnell, Denise J. Santiago, Mary K. Willison, and Cynthia Y. Martin have not re-filed their motion to dismiss (Doc. No.

[1] Defendant Jennifer Perez Molina has filed an answer and counterclaim to the operative complaint. Doc. No. 56. Defendant Douglas Paul Malefant, Esq. has also filed a motion to dismiss. Doc. No. 55.

46), however, given that the only change to the complaint is the redaction of the minor child's name, the undersigned will treat the motion to dismiss as relating to the operative pleading (Doc. No. 50).

In addition, on July 10, 2026, Plaintiff filed a First Amended Complaint for Civil Rights Violations and Civil Rico (Jury Trial demanded). Doc. No. 62. Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its pleading only once as a matter of course, so long as the amendment is made no later than 21 days after serving it, or 21 days after service of a responsive pleading or motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party is not permitted to amend their complaint without first obtaining either the opposing party's written consent or the Court's leave. Fed. R. Civ. P. 15(a)(2). Here, Plaintiff did not file his amended complaint until July 10, 2026, after the 21-day period set forth in Rule 15(a) expired, and without first obtaining leave of Court or submitting proof that Defendants consented to the amendment.

Accordingly, Plaintiff's amended complaint (Doc. No. 62) is hereby **STRICKEN**. If Plaintiff wishes to amend, he must do so in compliance with Federal Rule of Civil Procedure 15. Plaintiff is reminded that *pro se* litigants are required to comply with all applicable Federal Rules of Civil Procedure, Local Rules of this Court, and Court Orders. *See Moon v. Newsome*, 863 F.2d 835, 836 (11th Cir. 1989)

(A *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties