UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSHUA NESTOR MANCUSO,

Plaintiff,

v. Case No. 6:26-cv-990-PGB-CAB

JENNIFER PEREZ-MOLINA et al.,

Defendants.

**ORDER**

This cause comes before the Court on the following filings:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 85), Plaintiff's Notice of Supplemental Authority (Doc. 86), and certain defendants' responses in opposition (Docs. 99, 100);
2. Plaintiff's Amended Motion for Reasonable ADA Accommodations (Doc. 78);
3. Plaintiff's Renewed Motion for Reasonable ADA Accommodations (Doc. 94), and certain defendants' responses in opposition (Docs. 103, 105, 110); and
4. Plaintiff's Renewed Motion for Leave to Electronically File (Doc. 96), and Defendant John W. Mina's response in opposition (Doc. 109).

Upon consideration, Plaintiff's Motion to Amend will be granted, and Plaintiff's remaining motions will be denied without prejudice.

**I. Background**

On May 11, 2026, Plaintiff, proceeding *pro se*, filed a complaint against 22 named and unnamed Defendants. (Doc. 1). On June 17, 2026, presiding United States District Judge Paul G. Byron ordered Plaintiff to re-file his complaint to redact the name of a minor child identified in the pleading. (Doc. 30). On June 26, 2026, Plaintiff re-filed his complaint with the requested correction. (Doc. 50). Several defendants have since filed motions to dismiss, including Defendants Douglas Malenfant (Doc. 55), John Mina (Doc. 59), Deputy Aviles (Doc. 60), Chalumeau Law Group (Doc. 61), Alexis Agosto (Doc. 67), and Joumana Moukaddam, (Doc. 98).

On July 10, 2026, Plaintiff filed a "First Amended Complaint" (Doc. 62), which was later stricken by the Court due to Plaintiff's failure to comply with Rule 15 of the Federal Rules of Civil Procedure, which requires Plaintiff to obtain leave of Court to file an amended pleading outside the 21-day "matter of course" filing period. (Doc. 75). Also on July 10, 2026, Plaintiff filed a Motion for Reasonable ADA Accommodations (Doc. 63), which was denied by the Court without prejudice for failing to comply with local court rules, (Doc. 68). The Court also previously denied without prejudice motions by Plaintiff to use the Court's electronic filing system, due to the motions' failure to comply with the local rules or to establish good cause. (Docs. 12, 87).

On July 27, 2026, Plaintiff filed a Motion to Amend, in which Plaintiff seeks leave to amend his complaint, as well as a Notice of Supplemental Authority pertaining to this motion. (Docs. 85, 86). Certain defendants have filed responses in opposition (Docs. 99, 100), and the Motion to Amend is now ripe for review. Also currently ripe for review are Plaintiff's Amended Motion for Reasonable ADA Accommodations (Doc. 78), Renewed Motion for Reasonable ADA Accommodations (Doc. 94), and Renewed Motion for Leave to Electronically File (Doc. 96).

## II. Legal Standard for Amending a Pleading

Federal Rule of Civil Procedure 15 provides that leave to amend a pleading prior to trial should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). While the granting of leave to amend is not automatic, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Thomas v. Town of Davie*, 847 F.2d 771, 773 (11th Cir. 1988).

"A district court[,] [however,] may deny a motion to amend on 'numerous grounds, such as undue delay, undue prejudice to the defendants, and futility of the amendment.'" *Kendall v. Thaxton Road LLC*, 443 F. App'x 388, 393 (11th Cir. 2011)[1] (unpublished) (quoting *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003)). But "leave to amend should only be

[1] "Unpublished cases do not constitute binding authority and may be relied on only to the extent they are persuasive." *Searcy v. R.J. Reynolds Tobacco Co.*, 902 F.3d 1342, 1355 (11th Cir. 2018).

denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Taylor v. Fla. State Fair Auth.*, 875 F. Supp. 812, 815 (M.D. Fla. 1995) (finding that denial on the basis of futility is improper where determination of a complex factual inquiry is required); *see also Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-cv-297-FtM-38NPM, 2020 WL 336246, at *1 (M.D. Fla. Jan. 21, 2020) (finding arguments opposing amendment were better suited for dispositive motions to permit both sides to fully develop and respond to arguments). Moreover, the Eleventh Circuit has held that *pro se* plaintiffs are generally to be afforded at least one opportunity to amend their pleadings. *See Jones v. CitiMortgage, Inc.*, 666 F. App'x 766, 777 (11th Cir. 2016); *Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023).

**III. Discussion**

**A. Motion to Amend**

Plaintiff argues that it should be granted leave to file an amended complaint, because the amendment "addresses the pleading deficiencies previously raised by Defendants" and because the Eleventh Circuit "has repeatedly held that a *pro se* plaintiff must be given at least one opportunity to amend." (Doc. 85 at 3). Plaintiff further contends that Defendant will not be prejudiced by the amendment because it was already served on all Defendants as of July 10, 2026 (prior to being stricken by the Court), this is Plaintiff's first time seeking leave to amend, and the Motion is made without dilatory motive. (Doc. 19 at 2–3).

Certain defendants oppose the motion to amend, on the basis that the proposed amendment is futile. (Docs. 99; 100). They argue, for example, that the claims in the proposed amendment "suffer from incurable legal deficiencies," and that the amendment constitutes "an impermissible shotgun pleading." (Doc. 99 at 2–5; Doc. 100 at 7). Defendants Chalumeau Law Group and Alicia P. Chalumeau further argue that Plaintiff's claim of personal jurisdiction in the proposed amended complaint is "manufacture[d]," and that Plaintiff's claims against them are barred by the litigation privilege. (Doc. 100 at 4–6).

The undersigned concludes that the merits of Defendants' arguments should be addressed in a motion to dismiss, not a motion to amend the complaint. *See St. Charles Foods, Inc. v. Am.'s Favorite Chicken Co.*, 198 F.3d 815, 822–23 (11th Cir. 1999) ("When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would necessarily fail."); *see also Hall v. Merola*, 67 F.4th 1282, 1295 (11th Cir. 2023) ("[B]efore dismissing a complaint, a district court must give a pro se party at least one chance to amend the complaint if a more carefully drafted complaint might state a claim." (internal citations omitted)). This case is still in its infancy, and the Court finds that amendment would not cause undue delay or undue prejudice to Defendants. Plaintiff has not previously moved to amend its Complaint, the discovery deadlines have not been put into place yet (due to the parties' delay in filing their case management report), and Defendants will have ample opportunity to respond to the amended complaint and file dispositive motions if they choose to do so.

Be that as it may, Plaintiff's proposed amended complaint (Doc. 85-1) appears to be an impermissible shotgun pleading. There are four basic categories of shotgun pleadings: (1) those in which "each count adopts the allegations of all preceding counts"; (2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) those that do "not separate each cause of action or claim for relief into a different count"; and (4) those that assert multiple claims against multiple defendants without specifying which claim applies to which defendant. *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F. 3d 1313, 1321–23 (11th Cir. 2015).

Plaintiff's proposed amended complaint violates categories 2 and 4 above. For example, in paragraph 40 of the proposed amended complaint, Plaintiff alleges that unspecified "Defendants" orchestrated certain legal proceedings "knowing Florida lacked subject-matter jurisdiction." (Doc. 85-1 ¶ 40). Then again, in paragraph 41, Plaintiff alleges that unspecified "Defendants" filed "secret Florida petitions while Plaintiff was out of the country." (*Id.* ¶ 41). As another example, Paragraph 75A refers to the "Defendants' jurisdictional weaponization" without specifying the identity of the referenced defendants. (*Id.* ¶ 75A) These allegations are not only vague and conclusory, but assert claims against "Defendants" in a general matter.

In addition, even though Plaintiff does not incorporate prior counts by reference, Plaintiff incorporates a large number of paragraphs by reference in a manner that does not tailor the facts to the counts to which the facts relate. For example, in Count IV, Plaintiff incorporates against six of the defendants "as if fully set forth

herein" most of the facts in the complaint—namely Subsections A, B, C, D, E, F, and H. (Doc. 85-1 ¶ 93). By doing so, Plaintiff incorporates into that Count immaterial facts not obviously connected to this particular cause of action. This practice also creates confusion regarding which defendants are alleged to have taken which actions and which defendants are subject to which counts.

Furthermore, although Plaintiff names certain defendants in specific counts, other defendants are not named in any counts—for example Chalumeau Law Group, LLC and Agosto Law, P.A. Plaintiff thus does not clearly state what claim or claims Plaintiff alleges against each defendant.

In sum, Plaintiff's proposed amended complaint constitutes a shotgun pleading. *Weiland*, 792 F. 3d at 1321–23. Therefore, although the Court grants Plaintiff leave to file an amended pleading, the Court will not direct Plaintiff to file the proposed pleading at Doc. 85-1. Rather, the Court will provide Plaintiff until September 11, 2026, to file a pleading that complies with Eleventh Circuit law.

**B. Motions for Electronic Filing Privileges / ADA Accommodations**

As for Plaintiff's Renewed Motion for Leave to Electronically File (Doc. 96), this will be denied without prejudice. In the Motion, Plaintiff requests the ability to "electronically file all future documents in this action" through the Court's Case Management and Electronic Case Filing ("**CM/ECF**") system. (Doc. 96 at 1). Plaintiff states that such access is warranted because Plaintiff's case is "extraordinarily complex" and "unprecedented for a pro se action." (Doc. 96 at 4).

The Court does not typically allow *pro se* litigants to utilize CM/ECF, *see U.S. Dist. Ct. Middle Dist. of Fla., Administrative Procedures for Electronic Filing* B.4 (Aug. 1, 2025), *available online at* https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-administrative-procedures-for-electronic-filing-06-23-2025.pdf, but may permit a *pro se* litigant to file electronically if good cause is shown or extenuating circumstances exist, *see Fischer v. Dist. Sch. Bd. of Collier Cnty.*, No. 2:10-cv-512-FtM-29SPC, 2010 WL 3522215, at *1 (M.D. Fla. Sept. 7, 2010). Here, Plaintiff's motion is due to be denied without prejudice, as the motion does not sufficiently establish good cause or extenuating circumstances. While Plaintiff contends the case is extraordinarily complex, the case stems from a child custody dispute. The complexity of the claims thus appears to be at least partially of the Plaintiff's own making due to the volume of issues and parties Plaintiff has included in its complaint, many of which may be foreclosed as the result of dispositive motions.

As for Plaintiff's motions seeking ADA accommodations (Docs. 78, 94), they will be denied without prejudice because the relief requested is overly broad, vague, and premature. For example, the motions propose relief for hypothetical future situations, such as if "Plaintiff's medical condition is exacerbated by litigation stress" or if Plaintiff "experiences the onset of anxiety" during future hearings or proceedings. (Doc. 94 at 11). Other requests apply to potential future depositions or hearings, which at this time do not appear to have been noticed. (*Id.* at 12). As Plaintiff acknowledges,

moreover, the Court's ADA Coordinator, with whom Plaintiff has been in touch, will be able to assist with certain accommodations.

## IV. Conclusion

Accordingly, it is hereby **ORDERED** that the Motion for Leave to File an Amended Complaint (Doc. 85), is **GRANTED**. Plaintiff shall file an Amended Complaint that corrects the deficiencies identified in this Order **on or before September 11, 2026**. Plaintiff's failure to timely file an Amended Complaint that complies with all applicable rules and law may result in the dismissal of this action without further notice.

It is further **ORDERED** that Plaintiff's Amended Motion for Reasonable ADA Accommodations (Doc. 78), Renewed Motion for Reasonable ADA Accommodations (Doc. 94), and Renewed Motion for Leave to Electronically File (Doc. 96) are **DENIED without prejudice**.

**ORDERED** in Orlando, Florida on August 28, 2026.

Chauncey A. Bratt
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Any Unrepresented Parties